29 F.3d 636
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America Plaintiff-Appellee,
v.
John LEFEVBRE, Defendant-Appellant.
 No. 93-50012.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1994.*
Decided June 29, 1994.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Lefevbre appeals his conviction following a jury trial for six counts of mail fraud in violation of 18 U.S.C. Sec. 1341. Lefevbre contends that the district court abused its discretion by admitting the government's summary chart into evidence pursuant to Fed.R.Evid. 1006 because it was inaccurate and incomplete, and because it was misleading and prejudicial pursuant to Fed.R.Evid. 403. Lefevbre's argument lacks merit.
 
 
 3
 When factual determinations are involved, this court reviews the district court's rulings on the admissibility of evidence for an abuse of discretion. United States v. Wood, 943 F.2d 1048, 1055 n. 9 (9th Cir.1991).
 
 
 4
 Fed.R.Evid. 1006 provides in relevant part:
 
 
 5
 The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation.
 
 
 6
 The underlying materials of a summary chart must be available to the opponent for inspection. United States v. Catabran, 836 F.2d 453, 458 (9th Cir.1988). A summary chart is admissible despite claims that it is "unverified" or "self-calculated," if the opponent has the opportunity to reveal any inaccuracies through cross-examination. Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 772 F.2d 505, 515 n. 9 (9th Cir.1985), cert. denied, 494 U.S. 1017 (1990); see also Catabran, 836 F.2d at 458.
 
 
 7
 Here, the underlying records were voluminous, they could not be conveniently examined in court, and they were available for Lefevbre's inspection. Agent Hope's testimony established the sources of information for and manner of preparing the chart. Lefevbre cross-examined Hope extensively regarding any inaccuracies in the chart or its preparation.
 
 
 8
 Because the materials underlying the chart were voluminous, could not be examined conveniently in court, and were available to Lefevbre for inspection, the chart was admissible pursuant to Rule 1006.[1] See Catabran, 836 F.2d at 458. Furthermore, because Lefevbre had the opportunity to reveal any inaccuracies in the chart by cross-examination of Agent Hope, the district court properly exercised its discretion by admitting the chart into evidence.[2] See United States v. Meyers, 847 F.2d 1408, 1412 (9th Cir.1988) (no abuse of discretion in admitting summary where cross-examination permitted regarding chart's discrepancies); Frank Music Corp., 772 F.2d 515 n. 9 (same).
 
 
 9
 Lefevbre also contends that the district court erred by not excluding the chart because it was incomplete and inadequate, rendering it unduly prejudicial and misleading. This argument also lacks merit.
 
 
 10
 The district court's admission or exclusion of evidence under Fed.R.Evid. 403 will be reversed only if it was an abuse of discretion. United States v. Perkins, 937 F.2d 1397, 1400 (9th Cir.1991). The district court has wide latitude in determining the admissibility of evidence under Rule 403. United States v. Fagan, 996 F.2d 1009, 1015 (9th Cir.1993).
 
 
 11
 Fed.R.Evid. 403 allows the district court to exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice or misleading the jury. Jury instructions that limit the use of the evidence, cross-examination, and the presentation of contrary evidence are factors in determining whether the evidence was unduly prejudicial or misleading. See United States v. Baker, 10 F.3d 1374, 1412-13 (9th Cir.1993).
 
 
 12
 Here, the chart showed that a large portion of the proceeds from the sale of investors' metals was not returned to the investors. The jury heard extensive testimony concerning how the money retained by Strategic Metal Investments, Inc. (SMI) was eventually spent. Lefevbre cross-examined Agent Hope and presented expert testimony challenging the adequacy of the chart's information. Finally, the district court instructed the jury that the jury should give only such weight to the chart as the underlying evidence deserves.
 
 
 13
 The chart was probative of the scope of Lefevbre's fraudulent scheme and thus of Lefevbre's intent to defraud. The chart's incomplete explanation of SMI's financial status was not likely to mislead or prejudice the jury. See United States v. Bailleaux, 685 F.2d 1105, 1111 (9th Cir.1982) (evidence unduly prejudicial or misleading only if it tends to affect adversely the jury's attitude toward defendant, apart from its judgment regarding guilt or innocence). Moreover, Lefevbre's attack on the adequacy of the chart through cross-examination, the presentation of expert testimony, and the district court's limiting instruction diminished any danger that the chart prejudiced or misled the jury. See Baker, 10 F.3d at 1412-13. Because the probative value of the chart clearly outweighed any misleading or prejudicial aspect of the chart, the district court did not abuse its discretion by admitting the chart pursuant to Rule 403. See Fagan, 996 F.2d at 1015; Layton, 855 F.2d at 1402.
 
 
 14
 Even assuming that the district court erred by admitting the chart into evidence, any such error was harmless. United States v. Chu Kong Yin, 935 F.2d 990, 994 (9th Cir.1991) (evidentiary errors do not require reversal unless they more likely than not affected the verdict), cert. denied, 114 S.Ct. 1549 (1994). The chart did not directly establish any element of the crime of mail fraud, and strong and largely uncontradicted evidence established Lefevbre's guilt. See United States v. Bonallo, 858 F.2d 1427, 1433 n. 7 (9th Cir.1988) (proof of financial loss or gain is not an element of mail fraud).[3]
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although the government did not show that the underlying documents were admissible as evidence, Lefevbre did not object in the district court on that basis and does not raise that issue on appeal. See United States v. Johnson, 594 F.2d 1253, 1257 (9th Cir.) (proponent of a chart or summary must establish foundation by showing that the underlying materials are admissible evidence, although materials need not be admitted), cert. denied, 444 U.S. 964 (1979); United States v. Meyers, 847 F.2d 1408, 1412 (9th Cir.1988) (same)
 
 
 [2]
 Lefevbre erroneously relies on a number of Ninth Circuit and out-of-circuit cases that discuss the use of charts as a summary of testimony already admitted into evidence or the use of charts as "testimonial aids." See, e.g., United States v. Soulard, 730 F.2d 1292, 1300 (9th Cir.1984) (summary chart used as "testimonial aid"); United States v. Abbas, 504 F.2d 123, 124 (9th Cir.1974) (charts used as summaries of testimony), cert. denied, 421 U.S. 988 (1975). Charts summarizing voluminous records are governed by Rule 1006 and are admissible evidence, while charts that highlight or summarize testimony of witnesses are not admissible pursuant to Rule 1006, but are merely "pedagogical devices." See United States v. Wood, 943 F.2d 1048, 1053 (9th Cir.1991). Accordingly, the cases Lefevbre cites are inapposite to the chart's admissibility pursuant to Rule 1006
 
 
 [3]
 We also deny Lefevbre's motion to withdraw motion under 28 U.S.C. Sec. 2241 without prejudice, filed on April 25, 1994. The record shows no indication that any 28 U.S.C. Sec. 2241 motion was ever filed in this case. Therefore, there is nothing to withdraw